COURT OF APPEALS,

Dec. 30, 1913.

# THE PEOPLE v. EDGAR R. JACKSON.

(210 N. Y. 154.)

LARCENY—ERRONEOUS ADMISSION OF EVIDENCE.

>   On the trial of defendant for the crime of grand larceny committed by false pretenses in the selling of real property, the prosecution was, under exception, permitted to prove that over two and a half years after the offense charged in the indictment underlying mortgages on the property were foreclosed, the property bid in by the mortagee and the complainant's interest therein lost. Defendant then offered proof of the value of the property at the time of the original transaction, which was excluded. *Held*, error.
>
>   People v. Jackson, 157 App. Div. 913, reversed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 13, 1913, which affirmed a judgment rendered at a Trial Term upon a verdict convicting the defendant of the crime of grand larceny.

The facts, so far as material, are stated in the opinion.

*Gilbert D. Lamb* and *James W. Osborne* for appellant. Material error to the serious prejudice of the defendant was committed by the learned court in excluding testimony sought to be introduced in behalf of the defendant of the market value of the tract of land involved in this action in March, 1910, the time of the transaction between complainant and defendant. (Latimer v. Burrows, 163 N. Y. 8; Griffin v. R. R. Co., 101 N. Y. 354; Clarke v. Ford, 121 App. Div. 742.) Serious err̶ ̶

prejudicial to the defendant was committed in excluding the testimony of defendant as to the sale by him of adjoining properties, and as incidental thereto, what prices adjoining properties similarly situated to this tract fetched at and prior to March, 1910. (Haven v. Connelly, 155 Mass. 467; Mentzer v. Sargeant, 115 Iowa, 527.) This defendant was not accorded the same privilege for presenting material testimony that was accorded to the People and the judgment on that account should be reversed. (People v. Wolf, 183 N. Y. 464; People v. Mull, 167 N. Y. 247; Tweed v. Liscomb, 60 N. Y. 559.)

*Charles S. Whitman, District Attorney (George Z. Medalie and Robert C. Taylor of counsel), for respondent.* .Evidence of land values was properly excluded. (People v. Cooke, 41 Hun, 67; Smith v. L. V. R. R. Co., 177 N. Y. 179.)

CULLEN, Ch. J.:

The appellant was convicted of the crime of grand larceny committed by false pretenses. The representations related to lands in Nassau county. They were, what the defendant had paid for them, at what rate he was selling portions thereof, and the like, and it was charged that, induced by these statements, which were alleged to be false, the complaining witness purchased from the defendant an interest in the property.

Against the objection and exception of defendant, the prosecution was permitted to prove that in October, 1910, over two and half years after the offense charged in the indictment, underlying mortgages on the property were foreclosed, the property bid in by the mortgagee and the complainant's interest therein lost. We think it was error to admit this evidence. The sale was too remote from the time of the transaction which was the subject of the prosecution to be competent proof of the value of the property. But we could overlook the error had

the defendant been allowed to meet it. He offered proof of the value of the property at the time he induced the complainant to invest her money in it, which, against his exception, was excluded. He also sought to give evidence of his own belief as to the value of the property at the same period as evincing his good faith, which was also rejected over his exception. Surely the defendant was entitled to meet the proof of the prosecution by proof of the same character on his part and the same rule should have been applied to both parties, the People and the defendant. It is easy to see that the course taken by the trial court must have seriously prejudiced the defendant in the minds of the jury.

The judgment of conviction should be reversed and a new trial ordered.

GRAY, WILLARD BARTLETT, HOGAN and MILLER, JJ., concur; CUDDEBACK, J., dissents; WERNER, J., absent.

Judgment of conviction reversed, etc.